06/14/16\

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MAINE, BANGOR DIVISION

to be removed from
Belfast District Court

U.S. DISTRICT COURT
BANGOR, MAINE
RECEIVED AND FILED
2016 JUL -1 P 3: 53
DEPUTY CLERK

Jonathan Fishman )  CV-2016-O62
Plaintiff ) Related Case BEL 14-910
v )
) Jury Trial
Bradley Williams ) Counter-claim
Petitioner/Defendant ) Petition to Transfer Venue
) Petition to Compel a Federal Grand Jury
) to Bring Criminal Charges
) Counter motion for Prelim Injunction
) Petition for Discovery

Pursuant to Chapter 11 of the Federal Rules of Procedure, Defendant requires the above referenced civil lawsuit and his subsequent amended counter-suit be removed to the United States District Court in Bangor, Maine for the following reasons:

1) Defendant has filed a valid Federal complaint against every judge, prosecutor, police officer and lawyer in the State of Maine for extortion and the return of the $60 "bail commissioner's fee" levied unlawfully upon every person arrested in the State of Maine regardless off innocence or guilt lending the appearance of bias against every Maine state judge. Every state judge is a defendant in this valid action rendering it inappropriate for any to preside over the counter-claim. This is clearly Federal.
2) Defendant is accusing the plaintiff of Federal crimes under 18 USC and 42 USC, as well as state offenses that the state judges have refused to consider to the point of obstruction of justice.
3) Defendant is alleging that the state judges are co-conspirators with the plaintiff in that they have aided and abetted him because he is the Democratic spokesperson and a keynote speaker at this years Democratic convention, a violation of judicial ethics.
4) Defendant has brought an action against the plaintiff's alleged co-conspirators Belfast police chief Mike McFadden and deputy Merl Reed in US District Court for Federal civil rights violations under 18 USC 242, 243 and 42 USC as well as RICO violations against all
5) Defendant is requesting an injunction against the plaintiff to prevent him access to children until the allegations of sex-crime flashing against children has been adjudicated. Plaintiff is the drummer for the rock bands Phish and Touchpants and is scheduled to go on tour this summer. An injunction from one of the state judges would not prevent his access to children in other states.
6) Defendant is alleging that the plaintiff is using the state of Maine and it's complicit police and judiciary as a place of sanctuary and safe refuge from prosecution for his extensive litany of sex crimes in other states, as evidenced by the retaliatory arrest and retaliatory prosecutions by the state judges, DA's and police.
7) Defendant was sued for monetary and punitive damages by the plaintiff, and is counter-suing for well over the statutory $75,000 limit required for this to be heard in US District Court.

The Plaintiff fraudulently filed a motion for a preliminary injunction which was tossed by Judge Spiraca and based it fraudulently on seven claims rebutted thus:

1) Denied: this was just adjudged as fraudulent and frivolous; Defendant has never erred here and the Judge agreed. The signature on the order was obtained fraudulently, and the Defendant had correctly rescinded his signature rendering it null and void. The signature

was obtained with a verbal agreement to drop the bogus criminal charge, and the Plaintiff reneged.
2) Denied: the emails were privileged communications between the Defendant and his own ex-attorney, whom he was forced into an incestuous legal relationship with, with his adversary in court; Joe Baiungo was the Defendant's lawyer first.
3) Denied: The privileged words in the email are true and were adjudicated as such.
4) Denied: The Plaintiff's attorney somehow got the police to respond to the email in an astonishing amount of time, with no time to either ead the three emails required to meet the criteria of harassment. These emails were legitimate communications trying to vindicate the the egregious wrongs inflicted by the Plaintiff.
5) Denied: It was not a pamphlet, and every word was true.
6) Denied: The complaints are all based on fact, including the chief of police, as evidenced by the co-conspirator in the retaliatory prosecution, and 2nd attempt at same. This earned him a civil rights action.
7) Denied.

This visually-impaired, dyslexic, impoverished by the Plaintiff's actions, now requires the court's indulgence in his David versus Goliath against this now-cornered extremely wealthy sexual predator. Pursuant to M. R. Civ. P 65 (B) and Federal rule 11 the Defendant requests the following:

1) An injunction against Plaintiff leaving the State of Maine. Plaintiff has the ability to board a private plane and run and hide anywhere in the world.
2) An injunction against the Plaintiff taking the stage until this has been adjudicated. In his hit-piece in the Bangor Daily News, **exhibit J,** the Plaintiff's attorney stated for the record that the Plaintiff *"likes to get naked onstage"* in the present tense, meaning the Plaintiff intends to re-offend and has learned no remorse for his flashing children from the stage.
3) An injunction against the Plaintiff holding a passport. The Plaintiff has the means to flee the country, and has exhibited a willingness in the past to cross state borders, even moving to Maine to avoid prosecution.
4) An injunction against the Phish organization from engaging in further retaliatory actions. This entire mess was retaliatory in nature and the court must impose stringent sanctions and penalties for anyone retaliating towards the Defendant. He is now an eye-witness in three Federal lawsuits and a murder investigation and has been rendered unprotected by the Plaintiff's unlawful aggression.
5) An injunction against the Plaintiff from being within 1000' of any playground, school, city park, theater or any place children may be present until this has been adjudicated.
6) An injunction against the Plaintiff liquidating or hiding his assets. Defendant is requesting a lien on his real property and a freeze on his bank accounts until this has been adjudicated.

At the heart of this action is the Plaintiff accusing the Defendant of "falsely alleging that I am an unregistered sex offender and sexual predator." This is an obvious invitation for the Defendant to prove otherwise. The Plaintiff and his learned attorney asked for this inquisition, therefore it is now incumbent upon the court to oblige the unlearned pro se litigant that was dragged into this. Pursuant to M. R. Civ. Rule 26, and the Federal rule 11, the Defendant requests the following:

1) Depositions of 30 questions from Briar Fishman.
2) Deposition of 30 questions from deputy and cousin Merl Reed.
3) Deposition of 30 questions from Jon Fishman.
4) Deposition of 30 questions from Chief Mike McFadden.
5) Deposition of 30 questions from deputy Littlefield.

6) Deposition from Rick Lyon, Briar's dad, a material witness.
7) Deposition of 30 questions from Joe Baiungo.
8) Examinations and evaluations of Jon Fishman by at least two State of Maine Board Certified psychiatrists regarding Mr. Fishman's predilection for flashing children from stage.
9) Physical and psychological examinations and evaluations of the Plaintiff's children for any signs of sexual trauma.
10) Psychological examinations and evaluations on Briar Fishman for obvious reasons; it was her false accusations that precipitated all of this. This casts serious aspersions on her rationality at home with her children around their pervert father.
11) All material on the phish.net servers for more evidence of sex crimes.
12) All materials on the touchpants.net servers for more evidence of sex crimes.
13) Confiscation and examination of the Plaintiff's computers that should have been done years ago, for more evidence of sex crimes.
14) The contact information of anyone to lodge a complaint about the flashing.
15) The Plaintiff and his attorney need to be compelled to swear their un-sworn allegations and claims under penalty of perjury.
16) A court order for Plaintiff's arrest. See attached Affidavit of Probable Cause to Arrest Jon Fishman.
17) A comprehensive list of every one of the Plaintiff's flashing incidents including, but not limited to, dates, times, venues, etc.

WHEREFORE, Defendant seeks a preliminary injunction ORDERING the Plaintiff to comply, and WHEREFORE, the Defendant seeks the aforementioned discovery materials now.

Dated this beautiful evening of June 30th, 2016.

Bradley Paul Williams

58 City Point Road
Belfast, Maine 04915

All rights reserved, copyright 2016

STATE OF MAINE

| SUPERIOR COURT | DISTRICT COURT |
|---|---|
| _____, ss. | Location _Belfast_ |
| Docket No. _____ | Docket No. _BaldI-___-16_ |

SERVE

_Jonathan Fishman_ Plaintiff

v.                                    **SUMMONS**
                                      M.R. Civ. P. 4(d)

_Bradley Williams_ _____Defendant

_18 Hill View St_ _____Address
_Belfast, ME 04915_

      The Plaintiff has begun a lawsuit against you in the (District) (Superior) Court, which holds sessions at (street address) _103 Church St_____, in the Town/City of _Belfast_____, County of _Waldo_____, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer, by delivering a copy of it in person or by mail to the Plaintiff's attorney, or the Plaintiff, whose name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to the following address: Clerk of (District) (Superior) Court, _____
_103 Church St_____, _Belfast_____, Maine _04915_
   (Mailing Address)    (Town, City)    (Zip)
before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answer are found at www.courts.maine.gov.

## IMPORTANT WARNING

**IF YOU FAIL TO SERVE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU IN YOUR ABSENCE FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR EMPLOYER MAY BE ORDERED TO PAY PART OF YOUR WAGES TO THE PLAINTIFF OR YOUR PERSONAL PROPERTY, INCLUDING BANK ACCOUNTS AND YOUR REAL ESTATE MAY BE TAKEN TO SATISFY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS LAWSUIT, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.**

      If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

(Seal of Court)

Date: _4-11-16_                _Brook H. Ohs_
                                                Clerk

_Joseph H. Primus_
(Attorney for) Plaintiff
_103 Church St_ _____Address
_Belfast, ME 04915_
_207-338-6541_ _____Telephone

CV-030, Rev. 06/14

Maine District Court

| | |
|---|---|
| JONATHAN FISHMAN | ) BEL-2016- |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
| BRADLEY WILLIAMS | ) |
| Defendant | |

Plaintiff, Jonathan Fishman, alleges as follows:

1. Venue is proper in this case because Defendant is a resident of Belfast, Maine.

2. Plaintiff and his wife previously had an Protection From Harassment Order against Defendant. The Order expired on September 26, 2015.

3. Soon after the expiration of the Protection Order, (around Christmas time, 2015), Plaintiff's wife received an anonymous "gift" in the mail which was a "Trophy Buck" calendar along with a card saying it was from her secret admirer. It is suspected the calendar came from Defendant.

4. On January 9, 2016, Defendant sent Plaintiff's attorney a lengthy email. The email indicated that he was going to sue Plaintiff and take every penny he had. The email also contained the text of a separate email that Defendant said he had sent to other attorneys across the state seeking their assistance in suing Plaintiff.

5. The email to the other attorneys said untrue things about Plaintiff which are *per se* defamatory. Defendant indicated that if Plaintiff was sued, Plaintiff would have to settle to save Plaintiff the embarrassment of Defendant' untrue allegations.

6. Based upon the email, On January 9, 2016, Defendant was served with a Notice to Cease Harassment by the Belfast Police Department. The Notice ordered Defendant to not

- 1 -

engage in any conduct with the intent to harass Plaintiff. A copy of that notice is attached hereto.

7. After Defendant had been served with the Harassment Notice (around March 1, 2016) a pamphlet was posted at the Belfast Co-op with pictures of Plaintiff. The pamphlet made substantially the same untrue allegations against Plaintiff as were in the January email to Plaintiff's lawyer.

8. On April 7, 2016, Defendant distributed a letter to the District Attorney's Office, Belfast City Hall, and various businesses around downtown Belfast making irrational complaints against Plaintiff, the Belfast Chief of Police and others. This second pamphlet again contained untrue allegations against Plaintiff.

## COUNT I DEFAMATION/LIBEL/SLANDER

9. Plaintiff incorporates the above allegations into this count as if set forth fully herein.
10. The untrue allegations against Plaintiff are *per se* defamatory.
11. Defendant knows his statements are false and/or acted in reckless disregarded for the falsity of the statements.
12. Defendant's statements were made with the intent to harass Plaintiff and/or in an attempt to get Plaintiff to pay Defendant money.

WHEREFORE, Plaintiff requests Judgment in his favor and against Defendant and that a permanent injunction be issues against Defendant from making any public statements about Plaintiff or immediate family members.

## COUNT II PUNITIVE DAMAGES

13. Plaintiff incorporates the above allegations into this count as if set forth fully herein.

14. The publication of *per se* defamatory statements in an attempt to force the payment of money or to embarrass Plaintiff is motivated by actual malice.

15. Defendant's *per se* defamatory statements are so outrageous, they are not tolerated by a civil society.

16. Punitive damages should be awarded in this case to deter Defendant and others from engaging in similar conduct in the future

WHEREFORE, Plaintiff seeks Judgment in his favor and against Defendant in an amount to express the outrage of society and sufficient to deter Defendant and others from engaging in similar conduct in the future.

Dated this 11 April 2016

Joseph W. Baiungo
Bar #7621
111A Church St.
Belfast, Maine 04915
(207) 338-6841

This summary sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by the Maine Rules of Court or by law. This form is required for the use of the Clerk of Court for the purpose of initiating or updating the civil docket. (SEE INSTRUCTIONS ON REVERSE)

**I. County of Filing or District Court Jurisdiction:** WALDO

**II. CAUSE OF ACTION** (Cite the primary civil statutes under which you are filing, if any.) *Pro se* plaintiffs: If unsure, leave blank.

**III. NATURE OF FILING**
- [x] Initial Complaint
- [ ] Third-Party Complaint
- [ ] Cross-Claim or Counterclaim
- [ ] If Reinstated or Reopened case, give original Docket Number _____
  (If filing a second or subsequent Money Judgment Disclosure, give docket number of first disclosure)

**IV.** [ ] TITLE TO REAL ESTATE IS INVOLVED

**V. MOST DEFINITIVE NATURE OF ACTION.** (Place an X in one box only) *Pro se* plaintiffs: If unsure, leave blank.

### GENERAL CIVIL (CV)

**Personal Injury Tort**
- [ ] Property Negligence
- [ ] Auto Negligence
- [ ] Medical Malpractice
- [ ] Product Liability
- [ ] Assault/Battery
- [ ] Domestic Torts
- [ ] Other Negligence
- [ ] Other Personal Injury Tort

**Non-Personal Injury Tort**
- [x] Libel/Defamation
- [ ] Auto Negligence
- [ ] Other Negligence
- [ ] Other Non-Personal Injury Tort

**Contract**
- [ ] Contract
- Declaratory/Equitable Relief
- [ ] General Injunctive Relief
- [ ] Declaratory Judgment
- [ ] Other Equitable Relief
- Constitutional/Civil Rights
- [ ] Constitutional/Civil Rights
- Statutory Actions
- [ ] Unfair Trade Practices
- [ ] Freedom of Access
- [ ] Other Statutory Actions
- Miscellaneous Civil
- [ ] Drug Forfeitures

- [ ] Other Forfeitures/Property Libels
- [ ] Land Use Enforcement (80K)
- [ ] Administrative Warrant
- [ ] HIV Testing
- [ ] Arbitration Awards
- [ ] Appointment of Receiver
- [ ] Shareholders' Derivative Actions
- [ ] Foreign Deposition
- [ ] Pre-action Discovery
- [ ] Common Law Habeas Corpus
- [ ] Prisoner Transfers
- [ ] Foreign Judgments
- [ ] Minor Settlements
- [ ] Other Civil

### CHILD PROTECTIVE CUSTODY (PC)
- [ ] Non-DHS Protective Custody

### SPECIAL ACTIONS (SA)
**Money Judgment**
- [ ] Money Judgment Request Disclosure

### REAL ESTATE (RE)

**Title Actions**
- [ ] Quiet Title
- [ ] Eminent Domain
- [ ] Easements
- [ ] Boundaries

**Foreclosure**
- [ ] Foreclosure for Non-pmt (ADR exempt)
- [ ] Foreclosure - Other
- [ ] Trespass
- [ ] Trespass

**Misc. Real Estate**
- [ ] Equitable Remedies
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Adverse Possession
- [ ] Nuisance
- [ ] Abandoned Roads
- [ ] Other Real Estate

### APPEALS (AP) (To be filed in Superior Court) (ADR exempt)
- [ ] Governmental Body (80B)
- [ ] Administrative Agency (80C)
- [ ] Other Appeals

**VI. M.R.Civ.P. 16B Alternative Dispute Resolution (ADR):**
- [ ] I certify that pursuant to M.R.Civ.P. 16B(b), this case is exempt from a required ADR process because:
  - [ ] It falls within an exemption listed above (i.e., an appeal or an action for non-payment of a note in a secured transaction).
  - [ ] The plaintiff or defendant is incarcerated in a local, state or federal facility.
  - [ ] The parties have participated in a statutory prelitigation screening process with _____
    (name of neutral) on _____ (date).
  - [ ] The parties have participated in a formal ADR process with _____ (name of neutral) on _____ (date).
  - [ ] This is a Personal Injury action in which the plaintiff's likely damages will not exceed $30,000, and the plaintiff requests an exemption from ADR.

VII. (a) ☐ PLAINTIFFS (Name & Address including county)
or ☐ Third-Party, ☐ Counterclaim or Cross-Claim Plaintiffs
☐ The plaintiff is a prisoner in a local, state or federal facility.

JONATHAN FISHMAN
283 VAN SYCKLE RD
LINCOLNVILLE, ME 04849

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number) If all counsel listed do NOT represent all plaintiffs, (If *pro se* plaintiff, leave blank) specify who the listed attorney(s) represent.

JOSEPH W. BAIUNGO, ESQ.
BAR# 7621
111A CHURCH ST
BELFAST, ME 04915
207-338-6841

VIII. (a) ☐ DEFENDANTS (Name & Address including county)
and/or ☐ Third-Party, ☐ Counterclaim or ☐ Cross-Claim Defendants
☐ The defendant is a prisoner in a local, state or federal facility.

BRADLEY WILLIAMS a/k/a PAUL WILLIAMS
58 CITY POINT RD
BELFAST, ME 04915

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number) If all counsel listed do NOT represent all
(If known) defendants, specify who the listed attorney(s) represent.

IX.   RELATED CASE(S) IF ANY _____

Assigned Judge/Justice _____   Docket Number _____

Date: 4-11-16

JOSEPH W. BAIUNGO, ESQ.
Name of Lead Attorney of Record or *Pro se* Party

*[signature]*
Signature of Attorney or *Pro se* Party

c: