UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JONATHAN FISHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-362-DBH |
| | ) | |
| BRADLEY WILLIAMS, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON REMOVAL JURISDICTION AND DEFENDANT'S FAILURE TO RESPOND TO ORDER TO SHOW CAUSE**

Defendant Bradley Williams, proceeding pro se, removed this defamation action to this Court from state court. Defendant, however, has not cited any facts to support a claim within the subject matter jurisdiction of this Court. In addition, Defendant failed to comply with a show cause order of this Court regarding the filing of the state court record. Accordingly, I recommend the Court remand the matter to state court.

### BACKGROUND

Defendant removed this action from state court on July 1, 2016. (Notice of Removal, ECF No. 1.) In his notice of removal, Defendant asserts that Plaintiff has used the state courts "as a place of sanctuary and safe refuge from prosecution" and that Defendant is "counter-suing for well over the statutory $75,000 limit required for this to be heard in the US District Court." (*Id.* at 1, ¶¶ 6 – 7.) Defendant attached to the notice a number of documents, including the state court complaint in which Plaintiff alleges that Defendant is liable to Plaintiff for defamation. (Complaint, ECF No. 1, PageID # 5 – 7.) The pleadings also reflect that Plaintiff and Defendant are both domiciled in Maine. (ECF No. 1, PageID # 9.)

Following the removal, the Court issued a procedural order pursuant to which Defendant, as the removing party, was required to file a complete copy of the state court record in the case. (Procedural Order re. Removal, ECF No. 3.) The Court established July 13, 2016, as the deadline for filing the state court record. In the procedural order, the Court wrote: "Failure to timely file the duplicative record and the specified affidavit of counsel may result in a remand of this matter to the state court from which removed or dismissal of the action." (*Id.*) When Defendant failed to comply with the procedural order, the Court issued an order directing Defendant to show cause on or before July 29, 2016, "why he has failed to comply with the Court's order that required [him] to file the state court record." (Order to Show Cause, ECF No. 7.) The Court also warned Defendant that failure to show cause could result in remand to state court or dismissal. (*Id.*)

## DISCUSSION

The pleadings before the Court demonstrate that both Plaintiff and Defendant are domiciled in Maine and that the matter removed from state court presents a state law claim of defamation. The Court thus lacks jurisdiction over the subject matter of the action. Additionally, even if this Court has subject matter jurisdiction over the removed action, Defendant has ignored the Court's procedural orders regarding removal, including an order to show cause regarding his failure to file the state court record.

**A.     Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction [and] [f]ederal courts are expected to monitor their jurisdictional boundaries vigilantly …" *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 138 – 39 (1st Cir. 2004). This Court, therefore, has "a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). For the matter to

proceed in this Court, the parties' dispute must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

> 1. *Federal question jurisdiction*

Plaintiff's complaint sets forth a state law defamation claim, not a federal question. Although Defendant might intend to assert a counterclaim or defenses based on federal law, federal question jurisdiction cannot be based on counterclaims and defenses.

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution.

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); *Ballard's Serv. Ctr., Inc. v. Transue,* 865 F.2d 447, 449 (1st Cir. 1989) ("Title 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them."); *Rafter v. Stevenson,* 680 F.Supp.2d 275, 279 (D. Me. 2010) ("An actual or anticipated counterclaim sounding in federal law … cannot create federal jurisdiction."). Plaintiff's complaint simply does not include a basis for this Court to exercise federal question jurisdiction.

> 2. *Diversity jurisdiction*

Plaintiff's complaint also lacks any allegations within the Court's diversity jurisdiction. In a case involving two parties such as this case, the plaintiff and defendant cannot be domiciled in

the same state. In other words, "[d]iversity must be complete – 'the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action.'" *Aponte-Davila v. Mun. of Caguas*, ___ F.3d ___, No. 15-1800, 2016 WL 3648474, at *4 (1st Cir. July 8, 2016) (quoting *In re Olympic Mills Corp.*, 477 F.3d 1, 6 (1st Cir. 2007) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)).

Plaintiff's complaint reflects that Defendant is a resident of Belfast, Maine. (ECF No. 1, PageID # 5.) The state court summary sheet identifies Plaintiff as a resident of Lincolnville, Maine. (ECF No. 1, PageID # 9.) The various pleadings and other narrative materials attached to Defendant's notice of removal reinforce that Plaintiff maintains his domicile in Maine.[1] The pleadings thus reveal the matter involves an action between two individuals domiciled in Maine. The Court, therefore, does not have diversity jurisdiction.

**B.      Failure to Respond to Order to Show Cause**

The Court's procedural order regarding removal provided:

Accordingly, it is hereby ORDERED that counsel for the removing party shall file with the Clerk of this Court by July 13, 2016, a complete copy of the record of this case in the state court as made prior to removal ("duplicate record"), which shall include the written record (docket sheet) of all actions taken by the state court in the matter prior to removal. Counsel shall be responsible, to assure the completeness and accuracy of the duplicate record and shall file therewith an affidavit, under oath, stating that counsel represents:

(1) that the duplicate record contains an accurate copy of every document, of every kind and description, docketed in the state court proceedings before removal to this Court; and

(2) that the duplicate record reflects every action taken in the matter by the state court prior to removal.

---

[1] The removal statute does not authorize a defendant who resides in the state forum to remove an action to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2). However, "removal in contravention of the prohibition against removal by an in-forum defendant creates a procedural defect that is subject to waiver under 28 U.S.C. § 1447(c)." *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 28 (1st Cir. 2012).

(Procedural Order re. Removal, ECF No. 3.)  The Court issued an Order to Show Cause when Defendant failed to comply with the procedural order.  In its order, the Court stated: "If Defendant fails to show cause, this matter could be remanded to state court or dismissed." (*Id*.)  As of the date of this order, which is more than a month after the deadline for Defendant to show cause, Defendant has not filed a response to the Court's show cause order, nor has he filed the state court record.[2]

The Court's orders plainly advised Defendant of his obligation to file the state court record, and placed him on notice that remand or dismissal was possible if he failed to file the state court record.  Defendant's pro se status does not relieve him of the obligation to file the state court record. *See Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996) ("*pro se* status does not relieve a [party] of the obligation to meet procedural requirements").  The state court record is a necessary prerequisite to the case proceeding in this Court.  Because the record evidently remains in the state court, remand is appropriate even if the Court has jurisdiction over the subject matter of this litigation.[3]

## Conclusion

Based on the foregoing analysis, I recommend that the Court sua sponte remand this action to state court.

---

[2] Defendant evidently filed some of the state court documents in connection with his notice of removal. (ECF Nos. 1, 2.)  The Court, however, cannot determine whether the attachments include the entire state court record.

[3] The failure to file the state court record is a procedural error rather than a jurisdictional error.  Accordingly, the Court has leeway to permit the removing party to file the state court record belatedly.  *Walker v. Smith*, No. 3:15-cv-911, 2016 WL 1244719, at *2 (S.D. Miss. Mar. 29, 2016) (collecting cases and directing that remand would ensue unless the plaintiff filed the state court record within ten days); *Sutler v. Redland Ins. Co.*, No. 12-cv-10656, 2012 WL 5240124, at *3 (D. Mass. Oct. 24, 2012) (denying motion to remand where the plaintiff belatedly filed certified copies of the full state court record as well as docket entries made in the state court case).  While the failure to file the record is not jurisdictional, Defendant may not ignore the Court's procedural orders.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of September, 2016.